THE CLIFTON INVESTMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81999. Filed June 27, 1961.

*Irving Harris, Esq.*, for the petitioner.
*Conley G. Wilkerson, Esq.*, for the respondent.

570

OPINION.

BLACK, *Judge:* We have but one issue in this proceeding to decide. That issue is whether the sale of the property owned by petitioner in Cincinnati known as the United Bank Building and the reinvestment of the proceeds thereof in the purchase of 80 percent of the capital stock of the Times Square Hotel of New York, Inc., which, after its incorporation, acquired and operated the Hotel Times Square in New York City, constituted an involuntary conversion within the meaning of section 1033 (a) (1) and (3) (A), 1954 Code.[1]

---

[1] SEC. 1033. INVOLUNTARY CONVERSIONS.

(a) GENERAL RULE.—If property (as a result of its destruction in whole or in part, theft, seizure, or requisition or condemnation or threat or imminence thereof) is compulsorily or involuntarily converted—

(1) CONVERSION INTO SIMILAR PROPERTY.—Into property similar or related in service or use to the property so converted, no gain shall be recognized.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(3) CONVERSION INTO MONEY WHERE DISPOSITION OCCURRED AFTER 1950.—Into money or into property not similar or related in service or use to the converted property, and the disposition of the converted property (as defined in paragraph (2)) occurred after December 31, 1950, the gain (if any) shall be recognized except to the extent hereinafter provided in this paragraph :

(A) NONRECOGNITION OF GAIN.—If the taxpayer during the period specified in sub-

There is no dispute between the parties as to the amount of gain which petitioner received from the sale of its property in Cincinnati as the result of condemnation proceedings. Likewise, there is no dispute that petitioner invested the entire amount of the net proceeds of the sale in the stock of a corporation which was organized for the purpose of acquiring a hotel property in New York City. The fact that the property sold was located in Cincinnati and the property acquired was located in New York City, we think, makes no difference. Respondent does not contend that it does. What respondent does contend is that petitioner's United Bank Building, which it owned in Cincinnati prior to its sale as a result of the condemnation proceedings, was not the same type of property as the Hotel Times Square in New York City, therefore, the proceeds of the sale of the United Bank Building were not converted into property "similar or related in service or use to the property so converted" as the applicable statute says it must be if the taxpayer is entitled to have the gain nonrecognized for tax purposes.

The fact that the net proceeds of the sale of the United Bank Building were invested in the stock of another corporation instead of being used directly in the purchase of a building makes no difference under the applicable statute, if the new corporation acquired a building which was "similar or related in service or use to the property so converted." Thus, the question we have here to decide is whether the Hotel Times Square building in New York City is "similar or related in service or use" to the United Bank Building in Cincinnati.

It is petitioner's contention that the Hotel Times Square building is "similar or related in service or use" to the United Bank Building within the meaning of the applicable statute. Petitioner's contention in this respect is largely based on the fact that both buildings were owned and held for the same purpose, viz, to yield rental income; therefore, says the petitioner the transactions come within the applicable statute. In making this contention petitioner relies heavily on the decision of the Court of Appeals for the Fourth Circuit which reversed the Tax Court in *Steuart Brothers, Inc. v. Commissioner*, 261 F. 2d 580. Our Court, in other cases which we have had since then, has declined to follow the holding of the Fourth Circuit in *Steuart Brothers, Inc. v. Commissioner, supra.* In the recent case,

paragraph (B), for the purpose of replacing the property so converted, purchases other property similar or related in service or use to the property so converted, or purchases stock in the acquisition of control of a corporation owning such other property, at the election of the taxpayer the gain shall be recognized only to the extent that the amount realized upon such conversion (regardless of whether such amount is received in one or more taxable years) exceeds the cost of such other property or such stock. Such election shall be made at such time and in such manner as the Secretary or his delegate may by regulations prescribe. * * *

*Liant Record, Inc.*, 36 T.C. 224, we discussed the Fourth Circuit's decision in the *Steuart* case rather fully and after such discussion we said:

> We have again carefully considered this basic question and, with due respect for the opinion of the Court of Appeals for the Fourth Circuit, we believe the proper view is that taken by the Court of Appeals for the Third Circuit in the *McCaffrey* case, which accords with the view previously taken by us.

Then we went on to say:

> In view of the foregoing we hold that the respondent did not err in recognizing the gain derived upon the disposition of the property at 1819 Broadway.

In *Liant Records, Inc.*, *supra*, the taxpayers owned an office building in New York City, title to which was taken by the City of New York under condemnation proceedings. The proceeds were used by the taxpayers to buy three apartment buildings in New York City. We held that the apartment buildings were not "property similar or related in service or use to the property so converted" within the meaning of section 1033 of the 1954 Code, and that the taxpayers there were not entitled to the nonrecognition provisions of the statute.

Here, the petitioner owned an office building in Cincinnati and when it was sold as the result of condemnation proceedings it invested the proceeds in a hotel building in the city of New York. As we have already stated, the fact that the two buildings were located in different cities makes no difference nor does it make any difference that the petitioner invested the money in another corporation, acquiring the building in question, if the building so acquired is "similar or related in service or use to the property so converted." But we do not think it can be said that a building used primarily as a hotel is "property similar or related in service or use to the property so converted" in the instant case. And we do not think this situation is changed even though there were in the Hotel Times Square building various storerooms, meeting rooms, and living rooms that are rented to daily, weekly, and monthly tenants. Notwithstanding these facts, the Hotel Times Square building was used primarily as a hotel building, whereas the United Bank Building in Cincinnati was used primarily as an office building.

In the *Liant Record, Inc.*, case, we pointed out as follows:

> The properties purchased in replacement thereof consisted of three residential apartment buildings containing a total of 175 apartments, only 11 of which were used by tenants for commercial purposes, although in one of them there were a restaurant, a stationery store, a tailor shop, and a supermarket and one had a valet shop in the basement. * * *

Notwithstanding the foregoing facts, we held that the apartment buildings still remained apartment buildings and that these apartment buildings were not "similar or related in service or use to the property so converted" which, in that case, was an office building.

We hold in the instant case that notwithstanding there are several tenants which similarly correspond to those which were present in the apartment buildings in the *Liant Record* case, it still remained primarily a hotel building used and operated for that purpose mainly, and was not "similar or related in service or use to the property so converted," viz, the United Bank Building in Cincinnati. On this issue we sustain the respondent.

*Decision will be entered for the respondent.*