Ben Pohn and Estelle Pohn v. Commissioner.
Pohn v. Commissioner
Docket No. 83897.
United States Tax Court
T.C. Memo 1961-317; 1961 Tax Ct. Memo LEXIS 34; 20 T.C.M. (CCH) 1632; T.C.M. (RIA) 61317; November 20, 1961
*34 Petitioners owned a fee simple interest in property and improvements thereon in Chicago, Illinois, which they leased out as a filling station. The title was taken by the Chicago Park District under condemnation proceedings. The proceeds were used by petitioners to acquire a beneficial interest in a parcel of land in Miami, Florida. The parcel was leased to a corporation which constructed an apartment building thereon. Petitioners retained a beneficial interest in the fee and received rental income under the terms of the leasehold agreement. Petitioners have continued thereafter to hold their interest in said parcel as an investment for the production of income by way of rent. Held: That, whether the property in which the proceeds of the condemnation award was invested is to be deemed vacant land or as land improved by an apartment building, said property or the interest therein acquired by petitioners did not constitute property similar in service or use to the property converted within the meaning of sec. 1033(a)(3)(A) of the Code of 1954, and that petitioners are not entitled to nonrecognition of gain upon the disposition of the filling station property. Howard R. Slater, Esq., 77 W. Washington St., Chicago, Ill., for the petitioners. Joseph T. DeNicola, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of petitioners in the amount of $4,724.45. The only issue presented to this Court is whether petitioners reinvested the proceeds received by them from the condemnation of property in property similar or related in service or use to the property condemned within the meaning of section 1033(a) of the Code of 1954. Findings of Fact *36 Some of the facts are stipulated and are incorporated herein by this reference. The petitioners reside at 3180 Lake Shore Drive, Chicago, Illinois. The joint income tax return of the petitioners for the year 1954 was filed with the district director of internal revenue at Chicago, Illinois. In an agreement dated March 29, 1933, C. R. Armstrong leased the following described premises to the taxpayers for a period of 15 years: Lots 26, 27 and the South 10 feet of Lot 28 in Block 1 in James Stinson's Subdivision of East Grand Crossing, in the S.W. 1/4 of Section 25, Township 38 North, Range 14 East of the Third Principal Meridian in the City of Chicago, County of Cook, State of Illinois. In the third paragraph of said agreement lessor agreed to proceed with all reasonable dispatch to build on the then unimproved property a building suitable for a gasoline service station. In paragraph six of said agreement lessor gave the petitioners an option to purchase said premises during the term of the lease. In a document dated May 17, 1933, the petitioners subleased said premises and the improvements then on it (gasoline filling station) to Bulk Service Stations, Inc. On February 9, 1948, the *37 petitioners exercised their option to purchase said premises and the interests of the then fee holders, Service Oil Co., a Delaware Corporation, assignee of the rights and interests of C. R. Armstrong to the above described premises, were conveyed by warranty deed to petitioners. In June of 1954, the Chicago Park District, exercising its right of eminent domain, condemned said parcel of land in order to dedicate same to a public use, viz., a park. At the time of said condemnation, and after provision for depreciation allowed or allowable, the petitioners had an adjusted cost basis of $8,567.50. In the condemnation proceedings in the Circuit Court of Cook County, entitled 53 C 12270, the petitioners were awarded $30,000 as a verdict in said cause. This sum constituted the total of all funds to be paid petitioners in compensation for the taking by the Chicago Park District. The petitioners disbursed from said $30,000 the sum of $2,420.65 for expenses of trial, which included the fees of expert witnesses. The net proceeds realized from the condemnation award by the petitioners was $27,579.35. The amount of gain realized by the petitioners as a consequence of the condemnation award *38 was $19,011.85, which figure is derived as follows: $27,579.35, the net proceeds of the condemnation award, minus $8,567.50, the adjusted cost basis of the property condemned. The condemnation was completed and the land surrendered to the Chicago Park District on the 30th day of June 1954. Within the time allowed under the provisions of the Internal Revenue Code of 1954, as amended, section 1033, and within the extension of time granted by the Commissioner, petitioners reinvested the award of condemnation in the acquisition of a beneficial interest in a parcel of land described as: Lots 14 and 15, Block 2, Bay Harbor Island, according to the plat thereof, recorded in Plat Book 46, at page 5, of the Public Records of Dade County, Florida; together with all riparian rights appurtenant and adjacent thereto, located in Miami Beach, Florida. Said parcel was leased to a corporation which constructed an apartment building on said parcel. The petitioners have retained a beneficial interest in the fee and have received under the terms of their leasehold agreement rental income. The petitioners have continued thereafter to hold said parcel as an investment for the production of income *39 by way of rent. The taxpayers originally acquired the parcel of vacant land with the intention of holding same for use by any tenant that might desire to make use of same. The taxpayers were not particularly interested in any specific tenant, but were willing to rent same to any tenant, provided same produced net rental income on an investment basis. The taxpayers had nothing to do with the operation of the property and in fact did not see it for many years. The only connection the taxpayers had with the property was financial in that the taxpayers derived investment income therefrom. After the original property had been condemned by the County of Cook, State of Illinois, the taxpayers acquired a beneficial interest in the parcel of land (located in in Miami Beach, Florida) with the intention of deriving investment income therefrom. The monies used by the taxpayers for the acquisition of the beneficial interest in the parcel of land located in Florida were derived from the proceeds realized by the taxpayers from the condemnation proceedings. The Florida land was leased to a corporate tenant from which net rental income was derived in which petitioners shared through their *40 beneficial interest. The taxpayers had nothing to do with the operation of the structure erected on the parcel of land located in Miami Beach, Florida, in which they acquired a beneficial interest. The taxpayers purchased the condemned property and acquired a beneficial interest in the Florida parcel of land involved in the instant proceeding for the purpose of deriving an investment income return, and both properties were rented to lessees for a return of rental income. Opinion Stripped to essentials, the factual situation presented is a simple one. Petitioners owned some property in Chicago which was condemned. At the time it was condemned, petitioners owned the fee. The property was improved by a filling station which was leased as such to a tenant. The rent was paid to petitioners. After the condemnation, petitioners used the proceeds to acquire a beneficial interest in a parcel of land in Miami, Florida. The parcel was leased to a corporation which constructed an apartment building thereon. Petitioners retained their beneficial interest in the fee and received rental income therefrom. It is not altogether clear as to whether petitioners claim that, for the purposes *41 of section 1033(a)(3)(A) [1] of the Code, the beneficial interest acquired in the Florida property was an interest in vacant land or in land improved by an apartment building. It is not necessary for us to resolve this issue because our conclusion would be the same in either instance. *42 Respondent takes the position that the reinvestment by petitioners of the condemnation proceeds arising from the Chicago property in an interest in the Florida property (whether the interest be deemed to be in vacant land or land improved by an apartment building) did not constitute investment in other property "similar or related in service or use to the property so converted" under the provisions of section 1033(a)(3)(A), and that, therefore, the proceeds of the condemnation award constituted taxable income in 1954. [2] Petitioners urge the precisely opposite view. We do not think that extended discussion is required. The instant case is clearly controlled by the principles announced in Liant Record Inc., 36 T.C. 224 (1961). (On appeal June 1961) and Clifton Investment Co., 36 T.C. 569 (June 27, 1961), which require us to approve respondent's determination. Decision will be entered under Rule 50. Footnotes
1. SEC. 1033. INVOLUNTARY CONVERSIONS. (a) General Rule. - If property (as a result of its destruction in whole or in part, theft, seizure, or requisition or condemnation or threat or imminence thereof) is compulsorily or involuntarily converted - * * *
(3) Conversion into money where disposition occurred after 1950. - Into money or into property not similar or related in service or use to the converted property, and the disposition of the converted property (as defined in paragraph (2)) occurred after December 31, 1950, the gain (if any) shall be recognized except to the extent hereinafter provided in this paragraph: (A) Nonrecognition of gain. - If the taxpayer during the period specified in subparagraph (B), for the purpose of replacing the property so converted, purchases other property similar or related in service or use to the property so converted, or purchases stock in the acquisition of control of a corporation owning such other property, at the election of the taxpayer the gain shall be recognized only to the extent that the amount realized upon such conversion (regardless of whether such amount is received in one or more taxable years) exceeds the cost of such other property or such stock. Such election shall be made at such time and in such manner as the Secretary or his delegate may by regulations prescribe. * * *↩
2. There appears to be no dispute about the amounts involved or the year in question.↩